IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Tucson Jones, | ) | C/A No. 0:15-1506-RMG-PJG |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Warden McFadden, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

The petitioner, Tucson Jones, a self-represented state prisoner, filed this petition for a writ

of habeas corpus pursuant to 28 U.S.C. § 2254.  This matter is before the court pursuant to 28 U.S.C.

§ 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for a Report and Recommendation on the

respondent's motion for summary judgment.  (ECF No. 14.)  Pursuant to Roseboro v. Garrison, 528

F.2d 309 (4th Cir. 1975), the court advised the petitioner of the summary judgment and dismissal

procedures and the possible consequences if he failed to respond adequately to the respondent's

motion.  (ECF No. 15.)  Jones filed a response in opposition.  (ECF No. 19.)  Having carefully

considered the parties' submissions and the record in this case, the court finds that Jones's Petition

is barred by 28 U.S.C. § 2244(d) as untimely.

## BACKGROUND

Jones was indicted in July 2008 in Lexington County for attempted armed robbery and

attempted burglary in the first degree (08-GS-32-2137, -2138).  (ECF No. 16-1 at 4-5, 9-10.)  Jones

was represented by Casey Cornwall, Esquire, and on November 13, 2008, pled guilty as charged.[1]

---

[1] The respondent states that the transcript of the guilty plea hearing is not available.  (See Respt.'s Mem. Supp. Summ. J., ECF No. 16 at 1-2 & n.1.)



The circuit court sentenced Jones to twenty years' imprisonment for attempted armed robbery and twenty-eight years' imprisonment for attempted burglary in the first degree, both sentences to run concurrently.  (See Respt.'s Mem. Supp. Summ. J., ECF No. 16 at 2.)  Jones, through counsel, filed a motion for reconsideration on November 19, 2008.  (ECF No. 16-2.)  The circuit court held a hearing on Jones's motion, and on July 17, 2009 issued an order denying Jones's motion for reconsideration.  (ECF No. 16-3.)  Jones did not appeal his conviction or sentence.

Jones filed a *pro se* application for post-conviction relief ("PCR") on June 17, 2011.  (Jones v. State of South Carolina, 11-CP-32-2285, ECF No. 16-4.)  The State filed a return and motion to dismiss.  (ECF No. 16-5.)  On February 3, 2012, the PCR court filed a conditional order of dismissal in which it provisionally denied and dismissed Jones's PCR application as untimely under the limitations provision of the Uniform Post-Conviction Procedure Act, S.C. Code Ann. § 17-27-45(a).  (ECF No. 16-6.)  Jones filed a response to the conditional order of dismissal.  (ECF No. 16-7.)  On June 17, 2014, the PCR court held a hearing at which Jones was present and was represented by Charles T. Brooks, III, Esquire.  At the conclusion of the hearing, the PCR court ordered briefing on the question of whether Jones was entitled to toll the statute of limitations.  Both parties filed briefs.  By order filed September 15, 2014, the PCR court denied and dismissed Jones's PCR application with prejudice.  (ECF No. 16-10.)

Jones, through counsel, appealed the dismissal of his PCR application.  (ECF No. 16-11.)  In the notice of appeal, Charles T. Brooks, III, Esquire, noted that as he was unable to set forth any arguable basis as to why the PCR court's decision was improper as required by Rule 243(c)[2] of the South Carolina Appellate Court Rules, he had advised Jones that he had twenty days to file a *pro se*

---

[2] This Rule was formerly numbered as South Carolina Appellate Court Rule 227(c).



explanation.    (Id.)   On February 4, 2015, the South Carolina Supreme Court issued an order

dismissing Jones's appeal for failure to provide an explanation pursuant to South Carolina Appellate

Court Rule 243(c).  (ECF No. 16-12.)  The remittitur was issued February 20, 2015.  (ECF No. 16-

13.)  The remittitur was filed with Lexington County Clerk of Court on February 23, 2015.  (ECF

No. 16-14.)  Jones filed the instant Petition for a writ of habeas corpus on March 25, 2015.  (ECF

No. 1.)

## DISCUSSION

### A.    Summary Judgment Standard

Summary judgment is appropriate only if the moving party "shows that there is no genuine

dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law."

Fed. R. Civ. P. 56(a).  A party may support or refute that a material fact is not disputed by "citing

to particular parts of materials in the record" or by "showing that the materials cited do not establish

the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible

evidence to support the fact."  Fed. R. Civ. P.  56(c)(1).  Rule 56 mandates entry of summary

judgment "against a party who fails to make a showing sufficient to establish the existence of an

element essential to that party's case."  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving

party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party.

See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).  However, "[o]nly disputes over

facts that might affect the outcome of the suit under the governing law will properly preclude the

entry of summary judgment.  Factual disputes that are irrelevant or unnecessary will not be counted."

Id. at 248.



The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(c), (e); Celotex Corp., 477 U.S. at 322. Further, while the federal court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.    Statute of Limitations**

The respondent argues that Jones's Petition is untimely under the one-year statutory deadline set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1). The one-year time period runs from the latest of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); see Gonzalez v. Thaler, 132 S. Ct. 641 (2012). Jones's conviction became final ten days after he received notice of the July 17, 2009 order denying his motion for reconsideration, as this was the last date on which he could serve a notice of appeal to the South Carolina appellate courts. See Rule 203(b)(2), SCACR ("When a timely post-trial motion is made under Rule 29(a), SCRCrimP., the time to appeal shall be stayed and shall begin to run from receipt of written notice of entry of an order granting or denying such motion."). It is unclear from the record when counsel for Jones received notice of the circuit court's order denying Jones's motion



for reconsideration.  However, even running the one-year statute of limitations from the date most favorable to Jones—the date Jones claims he received notice of the circuit court's order by letter from the state court judge dated January 24, 2011 (ECF No. 16-7 at 13)—Jones's federal petition was still untimely filed.  See 28 U.S.C. § 2244(d)(2); see also Hernandez v. Caldwell, 225 F.3d 435, 438-39 (4th Cir. 2000) (applying the anniversary date method in calculating the one-year limitation period in § 2244 and concluding that "the actual count on the limitations period began on April 25, 1996, and ended on April 24, 1997, excluding any time tolled").

Jones filed his state PCR application on June 17, 2011.  However, this application did not toll the statute of limitations for the instant federal Petition because the PCR court dismissed it as untimely.  See Pace v. DiGuglielmo, 544 U.S. 408 (2005) (holding that a state PCR application that is rejected by the state court as untimely is not "properly filed" within the meaning of § 2244(d)(2) and therefore does not entitle the petitioner to statutory tolling).  Therefore, Jones's statutory deadline expired in 2012.  Jones's federal Petition was filed on March 25, 2015[3]—years after the expiration of the statute of limitations.

## C.     Jones's Response

In his opposition memorandum to the respondent's motion, Jones argues that he has diligently pursued his rights and is entitled to equitable tolling due to his counsel's failure to notify him of the circuit court's decision with regard to his motion for reconsideration following his guilty plea.  (ECF No. 19 at 5-9.)  He also alleges unspecified mental health problems and that he previously took anti-psychotic and psychotropic drugs.  (Id. at 6.)

---

[3] See Houston v. Lack, 487 U.S. 266 (1988) (stating that a prisoner's pleading is filed at the moment of delivery to prison authorities for forwarding to the district court).



To avoid application of § 2244(d) regarding the timeliness of the instant federal habeas Petition, Jones must show that the one-year limitations period should be equitably tolled under applicable federal law. See Holland v. Florida, 560 U.S. 631 (2010) (concluding that § 2244(d) is subject to the principles of equitable tolling); Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000) (same). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005) (citation omitted). Equitable tolling is available only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238 (4th Cir. 2003) (*en banc*) (internal quotation marks and citation omitted); see also United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004). Thus, to be entitled to equitable tolling, an otherwise time-barred petitioner must present: "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." Rouse, 339 F.3d at 246.

Jones has not established grounds for equitable tolling. Even assuming without deciding that his counsel's alleged failure to notify him of the circuit court's decision with regard to his motion for reconsideration rises above the level of garden variety attorney negligence, see Holland, 130 S. Ct. 2549, Jones has failed to show that he has been diligently pursuing his rights in that he waited for several months after this discovery to file his PCR application and several years after this discovery to file his federal habeas petition. Jones asserts that his conviction did not become final until January 24, 2011—the date he received notice of the circuit court's order. However, Jones has made no argument to explain why he waited until March 25, 2015 to file his federal Petition and has



presented no extraordinary circumstances that prevented him from diligently pursuing his rights. Accordingly, this court cannot say that Jones has been pursuing his rights diligently.  See Harris, 209 F.3d at 330 ("Under long-established principles, petitioner's lack of diligence precludes equity's operation."); Pace, 544 U.S. at 419 (denying equitable tolling to a habeas petitioner who waited years to file his PCR petition and months after his PCR trial to seek relief in federal court).

To the extent that Jones alleges that he is entitled to toll the statute of limitations due to his mental health condition, the court observes that "[a]s a general matter, the federal courts will apply equitable tolling because of a petitioner's mental condition only in cases of profound mental incapacity." United States v. Sosa, 364 F.3d 507, 513 (4th Cir. 2004); see also Fisher v. Gibson, 262 F.3d 1135, 1145 (10th Cir. 2001) (finding that petitioner's mere allegations of incompetency at the time of his guilty pleas, which significantly predated his deadline, were insufficient to warrant equitable tolling of the limitations period); Grant v. McDonnell Douglas Corp., 163 F.3d 1136, 1138 (9th Cir. 1998) (finding equitable tolling based on mental condition to be appropriate "only in exceptional circumstances, such as institutionalization or adjudged mental incompetence"); Collins v. Scurr, 230 F.3d 1362 (8th Cir. 2000) (Table) (finding that bald and unsupported assertions relating to alleged mental incompetency that occurred at a time remote to petitioner's habeas petition filing deadline did not equitably toll the statute of limitations).  In addition to demonstrating he is incapacitated by mental illness or the side effects of psychiatric medications, "[a] petitioner must also allege facts sufficient to demonstrate the existence of 'a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing.' " Robison v. Hinkle, 610 F. Supp. 2d 533, 539-40 (E.D. Va. 2009) (quoting Rios v. Mazzuca, 78 F. App'x 742, 743 (2d Cir. 2003)).  Jones has not demonstrated that he was mentally

PJG

incapacitated or that this prevented him from timely filing the instant Petition.  Therefore, Jones's

general, unsupported assertions as to his past mental condition do not entitle him to equitable tolling.

## RECOMMENDATION

Based upon the foregoing, the court finds that Jones's Petition was not timely filed and is

therefore barred by § 2244(d).  Accordingly, the court recommends that the respondent's motion for

summary judgment (ECF No. 14) be granted and Jones's Petition dismissed as untimely.  In light

of this recommendation, the court further recommends that Jones's motion for subpoenas should be

denied.  (ECF No. 28.)

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

October 20, 2015
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).