IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Tuscon Jones, )
 )
    Petitioner, ) Civil Action No: 0:15-cv-1506-RMG
 )
v. ) **ORDER**
 )
Warden McFadden, )
 )
    Respondent. )

This matter is before the Court on the Report and Recommendation ("R & R") of the Magistrate Judge (Dkt. No. 36) recommending that the Court grant Respondent's Motion for Summary Judgment (Dkt. No. 14), dismiss Jones's habeas petition as untimely, and deny Jones's motion for subpoenas. For the reasons set forth below, the Court adopts the R & R as the order of the court.

**Background**

Petitioner Tucson Jones was sentenced to 28 years' imprisonment after being convicted of armed robbery and attempted burglary in the first degree. (Dkt. No. 1 at 1). Jones filed a motion for reconsideration on November 19, 2008. (Dkt. No. 16-2). The circuit court denied the motion for reconsideration on July 17, 2009. (Dkt. No. 16-3). Jones did not appeal his conviction or his sentence.

Jones filed a *pro se* PCR application on June 17, 2011. (Dkt. No. 16-4). The state filed a return and a motion to dismiss. (Dkt. No. 16-5). On February 3, 2012, the PCR court filed a conditional order of dismissal provisionally denying and dismissing Jones's PCR application as untimely. (Dkt. No. 16-6). After a hearing and supplementary briefing on the statute of

1

limitations, the PCR court denied and dismissed Jones's PCR application with prejudice. (Dkt. No. 16-10).

Jones appealed the dismissal of his PCR. (Dkt. No. 16-11). Jones's appointed attorney could not identify an arguable basis for appeal, so he informed Jones that South Carolina Appellate Court Rules required him to file a *pro se* explanation. (*Id.*). On February 4, 2015, the South Carolina Supreme Court issued an order dismissing Jones's appeal for failure to provide an explanation. (Dkt. No. 16-12). Remittitur was issued on February 20, 2015. (Dkt. No. 16-13). Remittitur was filed with Lexington County Clerk of Court on February 23, 2015. (Dkt. No. 16-14).

Jones filed this petition for writ of habeas corpus on March 25, 2015, alleging that trial counsel provided ineffective assistance. (Dkt. No. 1).

## Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court is charged with making a de novo determination of those portions of the R & R or specific proposed findings or recommendations to which objection is made. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting 28 U.S.C. § 636(b)(1)); *accord* Fed. R. Civ. P. 72(b). As to portions of the R & R to which no specific objection has been made, this Court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Id.* (quoting Fed. R. Civ. P 72 advisory committee note). Moreover, in the absence of specific objections to the R & R, the

Court need not give any explanation for adopting the Magistrate Judge's analysis and recommendation. *See Camby v. Davis*, 718 F.2d 198, 199-200 (4th Cir. 1983).

## Discussion

This Court agrees with the Magistrate Judge that Jones's petition is time-barred. Jones's one-year statute of limitations began running on July 17, 2009, when his time expired to file a petition for rehearing with the South Carolina Court of Appeals on the direct review of his criminal case. *See* 28 U.S.C. § 2244(d)(1)(A). Because the state court rejected his PCR application as untimely, it was not a "properly filed" document within the meaning of § 2244(d)(2) and therefore he was not entitled to statutory tolling. *See Pace v. DiGuglielmo*, 544 U.S. 408 (2005). The petition was not filed until March 25, 2015, almost six years later.

The Court also agrees with the Magistrate Judge that Petitioner has not shown that he pursued his rights diligently and that some extraordinary circumstance prevented him from filing a timely petition. *See Holland v. Florida*, 560 U.S. 631, 649 (2010). Therefore, Petitioner is not entitled to equitable tolling of the statute.

## Conclusion

For the reasons stated above, the Court adopts the R & R (Dkt. No. 36) as the Order of this Court. Accordingly, Respondent's motion for summary judgment (Dkt. No. 14) is **GRANTED**, and the Petition is **DISMISSED** as untimely. Petitioner's motion for subpoenas (Dkt. No. 28) is **DENIED AS MOOT**.

## Certificate of Appealability

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

3

> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is DENIED.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

November 16, 2015
Charleston, South Carolina